IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAURA A. SIMMONS, | ) CIVIL ACTION 4:10-0023-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## I.  PROCEDURAL HISTORY

Laura Simmons, ("plaintiff" or "claimant") filed applications for DIB and SSI on June 22, 2004, alleging inability to work since February 15, 2004, due to diabetes, high blood pressure, and carpal tunnel syndrome. (Tr. 56-57, 60-61). Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on

September 21, 2005, before an Administrative Law Judge ("ALJ"). The ALJ issued an unfavorable

decision on February 21, 2006, finding plaintiff was not disabled in that she could perform a

significant range of work. (Tr. 14-23). The Appeals Council denied plaintiff's request for review

(Tr. 6-8), thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought

judicial review in this court by the filing of a complaint on July 11, 2006. The court reversed the

Commissioner's final decision and remanded the case for proper evaluation of new evidence

presented subsequent to the ALJ's decision. An ALJ heard plaintiff's case upon remand on March

31, 2009, (Tr. 383-392) and issued a second unfavorable decision on November 11, 2009. (Tr. 222-

234). The Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision

the Commissioner's final decision under 42 U.S.C. § 405(g). Plaintiff filed this action seeking

judicial review of the administration's decision after remand.


## II.  FACTUAL BACKGROUND

The plaintiff was 43 years old at the time of the ALJ's decision. She has an eleventh-grade

education and past work experience as a housekeeper and as a child-care worker. (Tr. 65-68, 196-

197).


## III.  DISABILITY BACKGROUND

The plaintiff's arguments consist of the following, quoted verbatim:

(1)    The ALJ failed to correctly analyze all of the claimants severe
       impairments.

(2)    The ALJ failed to consider whether the plaintiff's combined
       impairments were of equal medical significance to a listed
       impairment.

2

(3)    The ALJ violated social security rules and regulations in rejecting the opinions of the claimant's treating physicians.

(Plaintiff's brief).

In the decision of February 21, 2006, the ALJ found the following:

1.    The claimant meets the insured status requirements of the Social Security Act through March 31, 2008.

2.    The claimant has not engaged in substantial activity since February 15, 2004, the alleged onset date (20 CFR 404.1571 and 416.971 et seq.),

3.    The claimant has the following severe impairments: diabetic neuropathy, carpal tunnel syndrome, sinusitis, orbital inflammation, and obesity (20 CFR §§ 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with: occasional pushing/pulling with the upper extremities; no climbing ladders, scaffolds, or ropes; no more than frequent handling with one upper extremity; no exposure to fumes, gases, odors, or hazards; and no constant exposure to sun or light. She would also require a sit/stand option at will.

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.l965).

7.    The claimant was born on July 21, 1962 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

3

8.      The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," wether or not the claimant has transferable job skills. (20 CFR §§404.1569, 404.1569(a), 416.969 and 416.969(a)).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2004, through the date of this decision (20 CFR  404.1520(g) and 416.920(g)).

(Tr. 225-234).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to:  (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law.  Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978).  "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 390.  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).   The Court's scope of review is specific and narrow.   It does not

4

conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence.   42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established.   Five questions are to be asked sequentially during the course of a disability determination.   20 C.F.R. §§ 404.1520, 1520a (1988).   An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary.   20 C.F.R. § 404.1503(a).   Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).   An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied.   Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## IV. ANALYSIS

As set out above, the ALJ found in his decision that plaintiff had the following severe impairments: diabetic neuropathy, carpal tunnel syndrome, sinusitis, orbital inflammation, and obesity, but that she did not have an impairment or a combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart. P, Regulation No. 4. (Tr. 227-228). He also found that the record documents that the claimant has complained of edema in her lower extremities and has been assessed with sleep apnea and hypertension but did not find these impairments to be severe "as they are only slight abnormalities and have no more than a minimal effect on the claimant's ability to work." (Tr. 228).

6

Plaintiff argues the ALJ failed to evaluate the combined effect of her impairments. Plaintiff asserts that the treating physicians opined that the combination of her severe impairments with her other impairments prevented her from working, and that the ALJ failed to adequately explain his evaluation of the combined impairments. Plaintiff contends the combined effect of her severe diabetic neuropathy, severe carpal tunnel syndrome, severe orbital inflammation with related sinusitis, and severe obesity, as well as, hypertension, sleep apnea, daytime somnolence, diabetes, dyspnea, and leg and foot edema, cause significantly greater functional limitations than that which the ALJ has determined on the basis of each of the impairments singly. Therefore, plaintiff argues the total effect, when taken together, renders her unable to engage in any substantial gainful activity because her "significant non-exertional impairments reduce any ability the claimant has to do sedentary work to well below the range of sedentary." (Pl's Brief, p. 24).

Defendant argues that the ALJ, relying on the findings of the two reviewing state agency physicians, properly determined that plaintiff's combination of impairments did not equal the requirements of a Listing.

In reviewing the ALJ's decision, the ALJ discussed each of plaintiff's severe impairments individually in determining that they did not individually meet a Listing. The ALJ discussed plaintiff's impairments of diabetes mellitus, carpal tunnel syndrome, orbital inflammation, and obesity singly and determined her impairments did not meet a Listing . However, the ALJ did not discuss how he considered them in combination. (Tr. 228-229).

The role of the federal judiciary in reviewing decisions made under the Social Security Act is limited. See 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock, 483 F.2d at 775. In order for a reviewing court to

determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination ...." Green v. Chater, 1995 U.S.App. LEXIS 21970, *7, 1995 WL 478032 (4th Cir.1995) (citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir.1986)). When dealing with a claimant with more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989) (citations omitted). This requires the ALJ to "adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir.1985)).

In Walker, the Fourth Circuit remanded plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the claimant's impairments. See Walker, 889 F.2d at 49-50. The ALJ found that the claimant suffered from several ailments and noted the effect or non-effect of each impairment separately. See Id. The ALJ found that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4 . Walker, 889 F.2d at 49. The Fourth Circuit held that the ALJ failed to adequately consider and explain his finding because he did not analyze or explain his  evaluation of the cumulative effect of the claimant's impairments. See Id. at 49-50. Similarly, the ALJ in this action failed to adequately explain his evaluation of the combined effects of plaintiff's impairments, particularly with respect to his determination of whether the plaintiff's impairments or combination of impairments met a listing. As in Walker, the ALJ in this action found that plaintiff suffers from several severe impairments, including diabetic neuropathy, carpal tunnel syndrome, sinusitis, orbital inflammation, and obesity. (Tr. 227). The ALJ also found  plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 . (Tr. 228). The ALJ gives no indication of whether he considered the cumulative effect of plaintiff's impairments. Even if one could infer that the ALJ considered the cumulative effect of all of plaintiff's impairments from the ALJ's listing of various medical observations in his analysis of the plaintiff's RFC, the ALJ failed to adequately explain his evaluation of any cumulative effects. As such, plaintiff's claim should be remanded to the Commissioner for proper adjudication at step three of the sequential evaluation process. Additionally, the case should be remanded for explanation of the ALJ's evaluation of the combined effect of plaintiff's impairments with respect to functional limitations.

Treating physician's opinion:

Plaintiff argues the ALJ violated social security rules and regulations in rejecting the opinions of the claimant's treating physicians. Plaintiff asserts that the ALJ erred in discounting the opinions of Drs. McDonald and Gonsalves stating their opinions were more vocational opinions than medical opinions, treatment notes do not contain objective findings and depend primarily on the claimant's subjective symptoms, and that Dr. Gonsalves had no personal treatment notes in the record. Plaintiff argues these reasons are not justified. According to plaintiff, Dr. Gonsalves generated her record based on her personal examinations, her personal knowledge of plaintiff, and her familiarity with her entire medical record, including the records of other treating physicians. Contrary to what the ALJ found, plaintiff argues Dr. Gonsalves did personally examine plaintiff on February 17, 2006, before issuing her opinion in March 2006. (Tr. 231). Plaintiff asserts the records from this provider is 59 pages long and reflects regular medical exams and visits from February 2006 to September 2008, and most of the records reflect personal examinations by Dr. Gonsalves

9

and personally signed by her. Dr. Gonsalves noted swelling in the ankles, eye welling, and complications from diabetes in just the first visit which are not subjective complaints made by plaintiff as found by the ALJ.

Defendant counters that the medical source opinions of Dr. Gonsalves and Dr. McDonald were inconsistent with other substantial evidence in the record. Defendant asserts Dr. McDonald's opinion that plaintiff had multiple medical problems that would keep her from working any job was completely unsupported by his own records. As to Dr. Gonsalves' opinion, defendant argues that she completed a form in March 2006, stating that plaintiff was unable to engage in any type of employment because of sleep apnea, orbital inflamation, hypertension, and diabetes but had only treated plaintiff on one occasion on February 17, 2006, when she rendered this opinion. Defendant further asserts that the examination Dr. Gonsalves conducted on February 17, 2006, resulted in a normal examination in conflict to  Dr. Gonsalves' opinion.

Although the regulations require that all medical opinions in a case be considered, 20 C.F.R. § 404.1527(b), treating physician opinions are accorded special status, see id. § 404.1527(d)(2). "Courts typically 'accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant.'" Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (quoting Johnson, 434 F.3d at 654) (internal citation omitted).  The rule, however, does not mandate that her opinion be given controlling weight.  See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).  "It is error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, 61 Fed. Reg. 34,490-01, 34,491

10

(July 2, 1996); <u>see also</u> 20 C.F.R. § 404.1527. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." <u>Craig v. Chater</u>, 76 F.3d 585, 590 (4th Cir. 1996); <u>see also</u> <u>Mastro v. Apfel</u>, 270 F.3d 171, 178 (4th Cir. 2001) ("Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

A review of the hearing decision reveals the ALJ found the following with regard to Dr. McDonald and Dr. Gonsalves' opinions:

> I accord less than controlling weight to Dr. John McDonald's opinions from August and November 2004 that the claimant's orbital inflammation, carpal tunnel syndrome, intermittent right foot pain, edema, sleep apnea, hypertension, and diabetes, prevented her from being able to work. The treating physician's opinions are more vocational opinions than medical opinions and thus are not worthy of great weight. As Dr. McDonald's own treatment notes do not contain objective findings to support this assessment, his assessment appears to have been based primarily on the claimant's subjective symptoms, which, for reasons stated in detail above, are not reliable. In fact, in January 2005, he noted that the claimant had a normal gait with no evidence of numbness, weakness, or imbalance. Her diabetes was assessed as well-controlled, and her eye examination was unremarkable. Treatment notes also document that the claimant's hypertension was well-controlled.

> I have also considered Dr. Wanda Gonsalves' opinion from March 2006 that the claimant was unable to work due to sleep apnea, orbital inflammation, hypertension, and diabetes. I accord less than controlling weight to this opinion as there are no treatment notes of record from Dr. Gonsalves personally prior to the date of her opinion to support her assessment. Thus, it appears that the doctor's assessment was based primarily on the claimant's subjective symptoms, which, for reasons stated in detail above, are not reliable. Additionally, the doctor's assessment was devoid of any explanation, rationale, clinical findings or reference to objective testing. As noted in the paragraph above, the lack of substantial support from the other objective evidence of record renders the opinion less persuasive.

> Regarding the medical opinions of the DDS medical consultants, I accord them significant weight as their opinions are generally consistent with the other evidence of record.

(Tr. 231).

The ALJ's reasoning for discounting Dr. Gonsalves' opinion was that there were no treatment notes of record from Dr. Gonsalves personally prior to the date of her opinion in March. However, contrary to the ALJ's reasoning, there was a treatment record dated February 17, 2006, signed by Dr. Gonsalves. (See Tr. 321-322). Additionally, Dr. Gonsalves' opinion supports the opinion of Dr. McDonald, a treating physician. In the decision, the ALJ discounted the opinions of Drs. McDonald and Gonsalves but did not cite to any contradictory medical reports by an examining or treating physician. As to the ALJ's reasoning that treating physician Dr. McDonald's report was not entitled to controlling weight, the ALJ only cited to one note in January 2005, in which Dr. McDonald noted plaintiff had a normal gait with no evidence of numbness, weakness, or imbalance. However, the ALJ did not discuss any other report from Dr. McDonald. As this case is being remanded to properly analyze plaintiff's combination of impairments, the ALJ should also properly conduct an analysis of Dr. McDonald's and Dr. Gonsalves' opinions and discuss any contradictory medical evidence from other treating and/or examining physicians that he relied on to discount their opinions.

As the undersigned is recommending that this case be remanded for a proper analysis of plaintiff's combination of impairments and how they would effect her residual functional capacity if at all and to properly analyze the physician's reports, the additional arguments of the plaintiff will not be addressed at this time. The undersigned cannot determine whether the ALJ's conclusions as to the remainder of the sequential process are supported by substantial evidence.

## V.  CONCLUSION

In conclusion, the undersigned is aware that this case has been remanded once before, and it may well be that substantial evidence exists to support the Commissioner's decision in the instant case; however, the court cannot speculate on a barren record devoid of the appropriate administrative analysis. Based on the decision submitted by the ALJ, the Court would have to speculate on the basis upon which his decision rests. We are confined to determine whether there is substantial evidence to support his decision and cannot conduct a de novo review.

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2011
Florence, South Carolina