

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAURA A. SIMMONS,<br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.    4:10-00023-HFF-TER |

### ORDER

　　This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to Defendant for further administrative action. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 20, 2011, and Defendant filed his objections to the Report on February 7, 2011. Defendant lodges two objections against the Magistrate Judge's Report. The Court will discuss each in turn.

First, Defendant objects to the Magistrate Judge's suggestion that the Administrative Law Judge (ALJ) did not properly consider the combined effect of Plaintiff's impairments. He maintains that the thorough findings that the ALJ made in his Residual Functional Capacity (RFC) assessment demonstrate that he considered the impairments in combination. Def.'s Objs. 2-3, ECF No. 20. He further asserts that the ALJ's failure to discuss the combined effect of the impairments more clearly was harmless and that the Court should follow four other United States Courts of Appeals and hold that the ALJ's discussion of the various impairments should suffice to demonstrate that he considered them in combination. *Id.* at 3. Finally, Defendant distinguishes this case from *Walker* on the ground that "the ALJ . . . presented h[is] detailed RFC findings to a vocational expert who specifically testified that there were jobs an individual with all those limitations could perform." *Id.* The Court finds this first objection to be without merit.

The Court agrees with the Magistrate Judge that "[e]ven if one could infer that the ALJ considered the cumulative effect of all of . . . [P]laintiff's impairments from the ALJ's listing of various medical observations in his analysis of . . . [P]laintiff's RFC, the ALJ failed to adequately explain his evaluation of any cumulative effects." Report and Recommendation 9, ECF No. 18. In fact, the ALJ's decision is devoid of any particular explanation of the combined effect of Plaintiff's impairments. As the Magistrate Judge acknowledges, this lack of a particular explanation fails to comport with the Fourth Circuit's command that "the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them" and that "the ALJ must adequately explain

his or her evaluation of the combined effects of the impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *see also Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("The ALJ must make a particularized finding on the effect of the combination of impairments."). The Court declines Defendant's invitation to stray from this precedent and follow the lead of other circuits. Because a particularized explanation is absent from the ALJ's decision, remand is proper.

Furthermore, the fact that, unlike in *Walker*, the ALJ presented Plaintiff's RFC findings to a vocational expert (VE) is of no moment. Defendant fails to explain, and the Court does not see, how this distinction makes a difference. The ALJ was not relieved of her responsibility to make explicit findings regarding the combined effect of Plaintiff's impairments simply by using a VE.

Second, Defendant objects to the Magistrate Judge's suggestion that the ALJ did not properly consider the opinions provided by Drs. McDonald and Gonsalves. As the Court is remanding this case to the ALJ for proper consideration of the combined effects of Plaintiff's impairments, the ALJ should conduct a more thorough analysis of Drs. McDonald's and Gonsalves's opinions to allay any concerns. The Court recognizes that, inasmuch as they opine Plaintiff is unable to work, the doctors' opinions are primarily legal conclusions left to the ALJ and are not entitled to controlling weight or special significance. *See* 20 C.F.R. § 404.1527(e) (stating that an opinion that a claimant is " 'disabled' or 'unable to work' " should not be "give[n] any special significance" because it is a determination reserved for the ALJ); *see also Morgan v. Barnhart*, No. 04-1692, 2005 WL 1870019, at *4 (4th Cir. Aug. 5, 2005) ("[T]he ALJ is under no obligation to give a treating physician's legal conclusions any heightened evidentiary value." (emphasis omitted)). "The ALJ is not free, however, simply to ignore a treating physician's legal conclusions, but must instead 'evaluate all the evidence in the case record to determine the extent to which the [treating physician's legal conclusion] is

supported by the record.' " *Morgan*, 2005 WL 1870019, at *4 (alteration in original) (quoting SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996)).  In assessing the weight given to the opinions, the ALJ should thoroughly apply the factors in 20 C.F.R. § 404.1527(d) and 20 C.F.R. § 416.927(d). *See* SSR 96-5p, 1996 WL 374183, at *3 ("In evaluating the opinions of medical sources on issues reserved to the Commissioner, the [ALJ] must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d).").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendant's decision is **REVERSED** and that the case is **REMANDED** to Defendant for further administrative action.

**IT IS SO ORDERED**.

Signed this 15th day of March, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE